# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | |
|---|---|
| TRANSAMERICAN EQUIPMENT COMPANY, LLC )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INDUSTRIAL ASSETS CORP., )<br>MAYNARDS INDUSTRIES USA LLC, )<br>and UTICA LEASECO, LLC )<br>Defendants. ) | Case No. 7:17-CV00481-LSC |

## UTICA LEASECO, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICITON

Defendant Utica Leaseco, LLC ("Utica") moves the Court to enter an Order dismissing[1] the claims against it for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The motion is due to be granted on the following grounds

1. Plaintiff's claims are directed at actions related to a December 1, 2016 online auction of the Basofil production line (the "Equipment"). (Complaint, ¶ 6). Plaintiff alleges that the owner of the Equipment, Utica, "secretly" bid on the Equipment during the auction. (Complaint, ¶ 16). Plaintiff filed its complaint in

---

[1] As an alternative, Utica and co-defendants Industrial Assets Corp. and Maynards Industries USA, LLC are simultaneously moving the Court to transfer this case to the United States District Court for the Western District of North Carolina, Asheville Division pursuant to 28 U.S.C. 1404(a).

1

the Circuit Court of Tuscaloosa County, Alabama. Defendants timely removed the case to this Court on diversity grounds.

2. A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd*, 288 F. 3d 1264, 1269 (11th Cir. 2002). Therefore, the Court must determine whether Utica's activities and contacts in Alabama satisfy Alabama's long-arm statute and, if satisfied, whether sufficient "minimum contacts" existed between Utica and Alabama so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Id.*

3. Alabama's long-arm statute permits personal jurisdiction to the extent it "is not inconsistent with the constitution of this state or the Constitution of the United States." Ala. R. Civ. P. 4.2(b). Thus, the question for the Court is whether the assertion of personal jurisdiction over Utica comports with the Fourteenth Amendment's Due Process Clause. *See Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir. 1992). Compliance with the Fourteenth Amendment's Due Process Clause exists only when a defendant has minimum contacts with the forum state and where the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945).

4. Depending on the quality and quantity of contacts, jurisdiction may be either general or specific. *Ex parte Dill, Dill, Carr, Stonebreaker & Hutchings, P.C.,* 866 So. 2d 519, 525 (citing *Lethenthal v. Harrelson,* 723 So. 2d 566, 569 (Ala. 1998)). "General jurisdiction applies where a defendant's activities in the forum state are 'substantial' or 'continuous and systematic,' regardless of whether those activities gave rise to the lawsuit ... A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit." *Id.*

5. The Court lacks general jurisdiction over Utica because its activities in Alabama have not been substantial or continuous and systematic. Utica is a Florida limited liability company. Utica's only office is its corporate headquarters located in Rochester Hills, Michigan. (Affidavit of James B. Junker, attached as Exhibit A). It has no offices or other physical locations in Alabama. *Id.* Although Utica has registered to do business in Alabama and has appointed an agent for service of process, Utica is not currently conducting business in Alabama. *Id.* In its history, Utica has participated in one business transaction in Alabama. *Id.* That transaction, which was unrelated to Plaintiff's claims, began in 2013 and concluded in 2015. *Id.* Utica's lone business transaction in Alabama does not constitute substantial, continuous or systematic activity. Moreover, Utica's registration to do business and appointment of an agent for service of process in

Alabama are insufficient to establish general jurisdiction. *See Consolidated Development Corp. v. Sherritt, Inc.,* 216 F. 3d 1286, 1293 (11th Cir. 2000).

6.  The Court also lacks specific jurisdiction over Utica because Plaintiff's cause of action does not arise out of any activities by Utica within Alabama. Utica was the owner of the Equipment. Exhibit A. The Equipment has been in North Carolina at all relevant times. Complaint, ¶ 6. Utica did not conduct the auction. Exhibit A. Utica had no contact with Plaintiff or Plaintiff's representatives concerning the auction. *Id.* No Utica employees directed any communications related to the auction to Alabama. *Id.*

7.  Furthermore, the conspiracy theory of personal jurisdiction is inapplicable here because Plaintiff has not plead conspiracy with particularity, nor has it alleged overt acts within Alabama taken in furtherance of a conspiracy. *Ex parte McInnis,* 820 So. 2d 795, 806-07 (Ala. 2001).

WHEREFORE, Utica respectfully requests an Order dismissing Plaintiff's claims against it for lack of personal jurisdiction.

        **/s/ James E. Fleenor, Jr.**
        Attorney for Defendants Industrial Assets Corp., Maynards Industries USA LLC, and Utica Leaseco LLC

**OF COUNSEL:**

James E. Fleenor, Jr.
Wilson F. Green
**Fleenor & Green LLP**
1657 McFarland Blvd.N
Suite G2A
Tuscaloosa, Alabama 35406
(205) 722-1017 (Fleenor)
(205)722-1018 (Green)
jfleenor@fleenorgreen.com
wgreen@fleenorgreen.com


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following via e-mail on the date of filing:

Mr. James S. Ward
Ward & Wilson, LLC
2100A Southbridge Parkway
Suite 580
Birmingham, Alabama 35209
jward@wardwilsonlaw.com

                                                s/ James E. Fleenor, Jr.
                                                Of Counsel

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TRANSAMERICAN EQUIPMENT COMPANY, LLC           Plaintiff, <br><br> v. <br><br> INDUSTRIAL ASSETS CORP., MAYNARDS INDUSTRIES USA LLC, and UTICA LEASECO, LLC           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 7:17-CV-00481-LSC |

**AFFIDAVIT OF** _____

STATE OF MICHIGAN   )
OAKLAND COUNTY    )

BEFORE ME, the undersigned Notary Public in and for said State and County, personally appeared (name of affiant), who upon being sworn and identified to me, stated as follows:

1. My name is James B. Junker. I am over the age of 19 years and have personal knowledge of the facts and matters set forth herein.

2. I am Vice President at Utica Leaseco, LLC ("Utica"). I have held that position since October, 2014. As Vice President, my job duties include managing sale and leaseback transactions.

3. Utica has been in business since 2006. Utica specializes in providing asset based financial solutions for high risk companies and focuses on industrial machinery and equipment as collateral in leaseback transactions.

4. Utica is a Florida Limited Liability Company. Utica's single office is its corporate headquarters located in Rochester Hills, Michigan.

5. Utica has no offices or other physical locations in Alabama.

6. Utica is conducting no business in Alabama.

1

7. Since its formation in 2006, I am aware of only one business transaction that Utica has had in Alabama. That transaction began in 2013 and concluded in 2015. Utica did qualify to do business in Alabama in 2015 and appointed CT Corporation as its agent for service in Alabama.

8. Utica was the owner of the equipment sold at the auction at issue in this case. It did not conduct the auction, and it had no contact with any of Plaintiff's representatives.

9. No Utica employees appeared in Alabama in relation to the auction and no Utica employees directed communications related to the auction to Alabama.

_____
James B. Junker

SWORN TO and subscribed before me this the 4 day of April, 2017.

_____
Notary Public

[SEAL]

**MONIKA ANTONIE STORMER**
Notary Public, State of Michigan
County of Oakland
My Commission Expires 07-22-2019
Acting In the County of Oakland

My commission expires: 7-22-19

2