IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **TRANSAMERICAN EQUIPMENT COMPANY, LLC,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   **CASE NO.: 7:17-CV-00481-LSC** |
| | * |
| **INDUSTRIAL ASSETS CORP., MAYNARDS INDUSTRIES USA LLC, and UTICA LEASECO, LLC,** | * |
| | * |
| **Defendants.** | * |

**FIRST AMENDED COMPLAINT**

**COMES NOW**, Transamerican Equipment Company, LLC ("Plaintiff") and for its First Amended Complaint against Defendants, states as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a Limited Liability Company organized and existing under the laws of the State of Alabama with its principal place of business in Tuscaloosa County, Alabama.

2. Upon information and belief, Industrial Assets Corp. is a California business corporation with its principal place of business in California ("IAC").

3. Upon information and belief, Maynards Industries USA LLC is a Delaware limited liability company with its principal place of business in Delaware ("Maynards").

4. Upon information and belief, Utica Leaseco, LLC is a Michigan Limited Liability company with its principal place of business in Michigan ("Utica," together with IAC and Maynards, the "Defendants").

5. This Court has jurisdiction over this matter, and venue is proper in this Court.

1

## THE FACTS

6. On December 1, 2016, an auction was held to sell equipment constituting the Basofil production line (the "Goods") located in Enka, North Carolina (the "Auction").

7. Maynards was the auctioneer of the Auction.

8. Utica was the seller and owner of the Goods.

9. Upon information and belief, IAC was acting in concert with Utica and Maynards in the sale of the Goods and the collection of purchase funds from Plaintiff.

10. The Goods were sold by their owner and not by a creditor in a forced sale.

11. The Auction was governed solely by the terms and conditions set forth at the URL: https://www.bidspotter.com/en-us/auction-catalogues/www-maynards-com/catalogue-id-biditu10119/terms-and-conditions#terms (the "Terms").

12. Bidders at the Auction were able to access the Auction through a variety of bidding platforms, including Biditup and Bidspotter.

13. Plaintiff accessed and bid in the Auction through the Bidspotter platform from its office in Tuscaloosa, Alabama. Defendants purposely availed themselves of buyers in Alabama, including Plaintiff, by advertising the Auction in Alabama, making the Auction available to Plaintiff in Alabama, and directing correspondence regarding the Auction and the Goods to Plaintiff in Alabama.

14. The only contractual terms Plaintiff agreed to in connection with the auction were the Terms, Bidspotters' website Terms and Conditions set forth at: https://www.bidspotter.com/en-us/about-us/legal/website-terms-and-conditions (the "Bidspotter T&C"), and Bidspotter's Bidder Terms and Conditions set forth at: https://www.bidspotter.com/en-us/about-us/legal/bidder-terms-and-conditions (the "Bidspotter Bidder Terms").

2

15. The Auction was advertised in a brochure published at: http://www.biditup.com/db-files/1478020338-339133.pdf (the "Brochure").

16. The Auction was conducted by audio link only. There was no video link and the auction audio link was lost several times during the Auction which was irregular.

17. Plaintiff never agreed to nor was Plaintiff aware of any terms for the Auction from Maynards, Utica or IAC other than the Terms and those set forth in the Brochure, the Bidspotter T&C and the Bidspotter Bidder Terms. Neither the Brochure for the Auction nor any of the terms published to Plaintiff as being applicable to the Auction disclosed that the Auction had a reserve.

18. Plaintiff never agreed to nor was aware of any contractual terms from Biditup.com or any other source other than the Terms, the Brochure, the Bidspotter T&C, and the Bidspotter Bidder Terms.

19. In the week after the Auction, Plaintiff contacted Maynards to facilitate payment and a schedule for removal of the Goods. Plaintiff also expressed concern to Maynards that removing the Goods could trigger a release of environmental contaminants, and requested cooperation in removal to remedy that concern.

20. Beginning on December 8, 2016, Maynards, Utica, and IAC began sending fraudulent correspondence to Plaintiff asserting that Plaintiff had agreed to onerous terms and conditions which Plaintiff had never seen or agreed to. Maynards, Utica, and IAC also began threatening litigation by consent judgment (a term Plaintiff never agreed to) to be filed in Burbank, California if Plaintiff did not immediately pay its winning bid amount plus commissions applicable to the Auction and also agree to an unrealistic removal schedule.

21. After weeks of negotiation and repeated threats of litigation by Defendants, Maynards and Utica finally agreed to provide Plaintiff with access to the Goods and a somewhat reasonable

removal schedule and cooperate in addressing environmental concerns. While discussing these matters, Maynards admitted that shill bids were made during the Auction on behalf of Utica in order to drive up the price of the Goods without any disclosure to other bidders at the Auction that bids could or would be made during the Auction by or on behalf of Utica.

22.     Despite the unlawful shill bidding which artificially inflated the price of the Goods, Plaintiff closed the purchase of the Goods by wiring funds to Maynards on February 10, 2017 as a result of, among other things, Defendants' ongoing and persistent threats of litigation against Plaintiff.

## COUNT ONE – FRAUDULENT SUPPRESSION

23.     Plaintiff realleges all foregoing allegations as if fully restated herein.

24.     Based on the facts and circumstances of this particular case, the trust and reliance Plaintiff had to repose on Maynards, IAC and Utica, and the superior and virtually exclusive knowledge of Maynards, IAC and Utica, and given the fact that a reserve was never disclosed in connection with the Auction, Maynards, IAC and Utica had a duty to disclose to Plaintiff their true intent to bid up the price of the Goods at the Auction in order to artificially increase the final price Plaintiff had to pay.

25.     Maynards, IAC and Utica suppressed and failed to disclose these facts and their intention to bid up the price of the Goods without any disclosure of their intention to do so to Plaintiff.

26.     Without the benefit of the suppressed information, Plaintiff reasonably acted to its detriment by bidding at the Auction and contractually obligating itself.

27.     Plaintiff has suffered damages as a result of Defendants' actions, including but not limited to, the difference in the amount of the final bid price for the Goods and the last bid at which shill bidding was not involved, together with legal fees and other costs.

WHEREFORE, Plaintiff demands judgment against Maynards, IAC and Utica for the actual damages it sustained, and also for punitive damages, for recovery of Plaintiff's costs and legal expenses, for interest and for such other relief as this Court deems just and proper.

## COUNT TWO –FRAUD AND FRAUDULENT INDUCEMENT

28. Plaintiff realleges all foregoing allegations as if fully restated herein.

29. Neither Maynards, Utica nor IAC advertised the Auction as having a reserve, nor otherwise gave notice to Plaintiff that the Auction had a reserve, while nonetheless planning to use false bidders to drive up the cost of the Goods.

30. Maynards, Utica and IAC advertised the Auction as not having a reserve in order to induce prospective bidders. This no-reserve advertising was false and Defendants' misrepresentation in this regard was committed intentionally, recklessly or negligently.

31. IAC, in concert with Utica and Maynards, represented to Plaintiff after the Auction that certain terms governed the Auction which were never disclosed to Plaintiff before the Auction and to which Plaintiff never agreed such as that a "consent judgment" could be obtained against Plaintiff for non-payment by means of a lawsuit filed in Burbank, California, in order to coerce Plaintiff into closing a transaction that involved and was induced by fraudulent bidding.

32. Plaintiff reasonably relied upon Maynards, Utica, and IAC's advertising and representations including the representation that IAC would sue Plaintiff in California and obtain a judgment against Plaintiff in California which Defendants would use to slander Plaintiff's credit and to get Plaintiff barred from participating in other auctions.

33. Maynards, Utica, and IAC knew or should have known that despite being advertised as a no-reserve auction, the Auction was going to utilize secret and false bidders to drive up the price of the Goods. Defendants also knew or should have known that certain purported auction terms

they used for threatening Plaintiff, including the threat of a "consent judgment" against Plaintiff in California, had never been published to or agreed upon by Plaintiff and therefore were not applicable and that it was a misrepresentation to contend otherwise.

34. Plaintiff has been damaged by Defendants' advertising and misrepresentations.

WHEREFORE, Plaintiff demands judgment against Maynards, IAC and Utica for the actual damages it sustained as a result of Defendants' fraud, and also for punitive damages, for Plaintiff's costs and legal expenses, for interest and for such other relief as this Court deems just and proper.

## COUNT THREE – CONSPIRACY

35. Plaintiff realleges all foregoing allegations as if fully restated herein.

36. Defendants acted in concert to accomplish the tortious and unlawful aims set forth herein.

WHEREFORE, Plaintiff demands judgment against Maynards, IAC and Utica for the damages it sustained, as well as for its costs and legal expenses, for interest and for such other relief as this Court deems just and proper.

## COUNT FOUR – VIOLATION OF NORTH CAROLINA AUCTIONEER STATUTE

37. Plaintiff realleges all foregoing allegations as if fully restated herein.

38. Chapter 85B, Section 8, of the North Carolina General Statutes prohibits certain acts, making the commission of each a crime, including: "(4) Any false, misleading, or untruthful advertising. (5) Any act or conduct in connection with a sales transaction which demonstrates bad faith or dishonesty. (6) Knowingly using false bidders, cappers or pullers, or knowingly making a material false statement or representation."

39. Maynard and IAC conducted the Auction unlawfully at Utica's direction by: (a) making false statements regarding the absence of a reserve, (b) conducting the sale in bad faith by insisting

upon an unachievable removal schedule, (c) asserting that inapplicable terms applied to the sale of the Goods, (d) using false bidders to bid up the cost of the Goods, and (e) failing to disclose the use of false bidders who would be and did bid on behalf of Utica to drive up the cost of the Goods.

40. Chapter 85B, Section 8 of the North Carolina General Statutes supplies a standard of care that Defendants violated.

41. Defendants' statutory violations were the proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the actual damages it sustained as well as for Plaintiff's costs and legal expenses, for interest and for such other relief as this Court deems just and proper.

### COUNT SIX – BREACH OF CONTRACT

42. Plaintiff realleges all foregoing allegations as if fully restated herein.

43. Plaintiff and Maynards entered into a contract whereby Maynards was to conduct an auction for the sale of the Goods according to reasonable commercial standards.

44. Plaintiff performed all of its obligations under the contract.

45. Maynards breached the contract by conducting the Auction with false bidders acting on behalf of Utica.

46. Plaintiff was damaged as a result of said breach.

WHEREFORE, Plaintiff demands judgment against Maynards for the actual damages Plaintiff sustained, as well as for Plaintiff's costs and legal expenses, for interest and for such other relief as this Court deems just and proper.

## COUNT SEVEN – VIOLATION OF NORTH CAROLINA

## DECEPTIVE TRADE PRACTICES ACT

47. Plaintiff realleges all foregoing allegations as if fully restated herein.

48. Defendants' concerted activity of using false bidders to drive up the price of the Goods at the Auction is an unfair and/or deceptive trade practice pursuant to North Carolina Generate Statute § 75-1.1.

49. Defendants' actions in using false bidders to artificially drive up the price of the Goods at the Auction affected commerce.

50. Plaintiff has been damaged by Defendants' concerted unfair and/or deceptive actions.

WHEREFORE, Plaintiff demands judgment against Maynards, IAC and Utica for the actual damages it sustained as a result of Defendants' unfair and/or deceptive practices, for the treble damages provided by the North Carolina Unfair & Deceptive Trade Practices Act, for Plaintiff's costs and attorneys' fees, for interest and for such other relief as this Court deems just and proper.

Respectfully submitted,

 */s/ Douglas L. McCoy*
DOUGLAS L. MCCOY (ASB-5015-C63D)
*Attorney for Plaintiff Transamerican Equipment Company, LLC*

OF COUNSEL:

HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, AL  36601-0123
(251) 694-6255
Fax:  (251) 694-6375
E-mail:  dmccoy@handarendall.com

*and*

                                      ANDREW J. SINOR, JR. (ASB-8207-S66A)
                                      DAVID L. BRUCE (ASB-1273-V42H)
                                      *Attorneys for Plaintiff Transamerican Equipment Company, LLC*

OF COUNSEL:

HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
Telephone: (205) 324-4400
Email(s): dsinor@handarendall.com
              dbruce@handarendall.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 3, 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification to:

James E. Fleenor, Jr., Esq.
Wilson F. Green, Esq.
FLEENOR & GREEN LLP
1657 McFarland Boulevard NorthSuite G2A
Tuscaloosa, AL  35406
Email(s):  jfleenor@fleenorgreen.com
          wgreen@fleenorgreen.com

                                        */s/ Douglas L. McCoy*
                                        OF COUNSEL

3562966